**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID BROOKS,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | **CIVIL NO. 3:16-CV-3252-N-BK** |
| § | | |
| **DEPARTMENT OF HOMELAND** § | | |
| **SECURITY,** § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* employment discrimination case was referred to the United States magistrate judge for judicial screening. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**I. BACKGROUND**

On March 16, 2017, the Court issued a deficiency order, which required Plaintiff to submit a complaint in compliance with Federal Rule of Civil Procedure 8(a). Doc. 15. The Court also issued a questionnaire inquiring about the claims alleged in the complaint. Doc. 16. The deadline for Plaintiff's response was April 6, 2017. When Plaintiff did not respond, the Court *sua sponte* enlarged the time to comply with the deficiency order and questionnaire to May 12, 2017, and again advised him that failure to comply would result in the dismissal of this case for want of prosecution. Doc. 17.

By letter dated May 10, 2017, Plaintiff advised the Court that he had received multiple notices that this case would be dismissed because proceedings were still pending before the Merits System Protection Board (MSPB). Doc. 18. He indicated that he was confused about the

repeated requests for financial information and court orders inquiring about the substance of his claims, but that he was completing the questionnaire and would attempt to send it by May 12, 2017. Doc. 18. As of the date of this recommendation, however, Plaintiff has not responded to the deficiency order and/or questionnaire, nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order and questionnaire. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified). [1]

---

[1] Plaintiff apparently is confusing this action with one he filed on February 14, 2017, in the United States Court of Appeals for the Federal Circuit and that was recently dismissed based on the pendency of the MSPB's proceedings and his motion to withdraw. *See Brooks v. DHS*, No. 17-1627 (Fed. Circ. Apr. 4, 2017), docket sheet available through Public Access to Court Electronic Records (PACER) (last accessed on June 1, 2017). It appears that both actions arise from the same employment discrimination dispute against the Department of Homeland Security.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SIGNED** June 2, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE